AVERY v. MIDWEST COMMERCIAL CREDIT CO.

1. MORTGAGES—CHATTEL MORTGAGES—TENDER OF AMOUNT DUE DISCHARGES LIEN.
  If tender was made of amount due under chattel mortgage before property was sold, and refused by holder of mortgage, mortgage lien would thereby be discharged.

2. SAME—RIGHT OF MORTGAGOR TO REDEEM BEFORE SALE.
  Under chattel mortgage to be foreclosed by sale of property at either public or private sale, mortgagor is entitled to redeem therefrom upon paying, at any time before sale, the amount due.

3. FRAUD—ONE MAY NOT BENEFIT BY OWN FRAUD.
  Party may not gain benefit by its own fraud.

4. MORTGAGES—CHATTEL MORTGAGES—FRAUD—REDEMPTION—CONVERSION.
  Where mortgagor was ready, able, and willing to make tender of amount due under chattel mortgage about to be foreclosed, and went to holder's office to make tender, when he was falsely told by its agent that property had been sold, court must treat case as if tender had been made and lien discharged, and therefore subsequent sale of property was conversion, for which holder is liable.

Error to Jackson; Williams (Benjamin), J. Submitted April 10, 1931. (Docket No. 67, Calendar No. 35,397.) Decided June 1, 1931.

Case by C. L. Avery against Midwest Commercial Credit Company and another for the conversion of motor trucks. Judgment for plaintiff against defendant Midwest Commercial Credit Company in municipal court of Jackson. Defendant appealed to circuit court. Directed verdict and judgment for both defendants. Plaintiff brings error. Reversed, and new trial ordered.

*Rosenburg & Lawrence* (*Frank C. Painter,* of counsel), for plaintiff.

*Burney E. Brower,* for defendant Midwest Commercial Credit Company.

POTTER, J. Plaintiff sued defendant Midwest Commercial Credit Company in municipal court of Jackson in trespass on the case for the conversion of two automobile trucks. Subsequently defendant Gilbert Loomis Motors Company was joined as a defendant. Both defendants pleaded the general issue. Plaintiff recovered a judgment in the municipal court against the Midwest Commercial Credit Company, which appealed to the circuit court, where the trial judge directed a verdict for the Midwest Commercial Credit Company against plaintiff, who brings error. Plaintiff gave a chattel mortgage to the Gilbert Loomis Motors Company for $695 on the truck here in question, which chattel mortgage was assigned by it to the Midwest Commercial Credit Company. This chattel mortgage was collateral to a promissory note of like amount, payable $69.50 June 10, 1910, and in like amount each month there-

after. The note contained the usual acceleration clause and was likewise assigned. June 12, 1930, plaintiff offered to pay the first payment.

Defendant Midwest Commercial Credit Company, upon default made in payment on time, declared the whole amount due upon the chattel mortgage and repossessed itself of the property, and, plaintiff says, gave him a few days in which to get the money. Defendant's agent says he told plaintiff he would give him ten days to do so. If plaintiff had made a tender of the amount due upon the mortgage before the property was sold on the chattel mortgage, it would have discharged the lien of the Midwest Commercial Credit Company. The question is whether, under the circumstances, the making of a tender by plaintiff was excused. Plaintiff testifies, and it is not disputed, that he procured the money, so he was later ready, able, and willing to make a tender, and went to the office of the Midwest Commercial Credit Company to do so. At that time there had in fact been no foreclosure of the chattel mortgage; no sale either public or private of the property mortgaged. The property was under the control of the defendant Midwest Commercial Credit Company. Its agent falsely stated to plaintiff the property had been sold and it was too late for him to redeem. If the property had been sold in pursuance of the chattel mortgage, the right of redemption would have been extinguished, and plaintiff could not recover; but, under the chattel mortgage to be foreclosed by the sale of the property either at public or private sale, the plaintiff was entitled to redeem therefrom upon paying at any time before sale the amount due.

Can defendant, who had not in fact sold the property when its agent told plaintiff it had sold it,

now insist a tender should have been made by plaintiff? Defendant cannot take advantage of the false representations by its agent to plaintiff. It cannot gain a benefit from its own wrong. It cannot profit by its own fraud. It cannot insist upon a lien which would have been discharged by tender but for the false representations of its agent. We must treat the chattel mortgage at the time plaintiff sought to make a tender as unforeclosed; hold a tender made would have discharged defendant's lien; the subsequent sale by defendant of the property amounted to a conversion thereof, and defendant is liable to the plaintiff for its conversion. Defendant cannot, after its agent made the false representations, under circumstances leading the plaintiff to rely thereon, be heard to say plaintiff ought not to have been misled.

The truck was not sold until June 25, 1930, when it was sold for $800. The testimony shows the truck was worth from $1,200 to $1,500. The mortgage provides that, upon taking possession of the truck, the mortgagee may sell the same either at private or public sale. Plaintiff claims under the circumstances appellee is liable for a conversion of the truck. Defendant claims it was not guilty of a conversion by refusing to turn the truck over; that trover will not lie against one in actual possession of property which he has a right to retain for the satisfaction of his lien. *Card* v. *Fowler,* 120 Mich. 646.

We must treat the parties as if a tender had been made before sale. Defendant is liable to plaintiff in damages. Judgment reversed, with costs, and new trial ordered.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.